### No. 9584.

### PETERSON, ADM'R *v.* DANIELS ET AL.

1. CORPORATIONS—*Discharge of Receiver.* A judgment creditor is entitled to the discharge of the receiver of a debtor corporation where it appears that at the time of the institution of the receivership proceedings, the company was solvent and conditions were such that the appointment of a receiver was unwarranted.

2. RECEIVERS—*Discharge—Estoppel.* Creditor of a corporation is not estopped from asking for the discharge of a receiver of the company, where he recognizes the receivership by moving for an order requiring the filing of an inventory and applying for a transfer of unincumbered personal property, where it appears that he did not have full knowledge of the facts and conditions and the circumstances were not such as to conclusively impute to him such knowledge.

3. APPEAL AND ERROR—*Refusal to Discharge Receiver Final Order, When.* Ordinarily the overruling of a motion to discharge a receiver is interlocutory and not appealable, but the rule depends on circumstances. Where the petitioner was a judgment creditor, clearly entitled to the relief asked, and the denial of his petition in effect precluded him from collecting his judgment, the order of denial was held, as to him, final and appealable.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Messrs. MORRISON & DE SOTO, for plaintiff in error.

Mr. CARLE WHITEHEAD, Mr. ALBERT VOGL, for defendants in error.

*Department One.*

Mr. Justice Burke delivered the opinion of the court.

THE plaintiff in error is hereinafter designated as "Petitioner"; the defendant in error, Daniels, as "Trustee"; The Big Five Mining Company as the "Company"; and defendant in error, H. S. Sanderson, receiver, as "Receiver".

Petitioner, having obtained a judgment in the sum of $4,826.75 in the United States District Court against the company, caused execution to be issued thereon August 7, 1918. Prior to its levy, and on August 14, 1918, plaintiff filed his complaint against the company, seeking the foreclosure of a trust deed (hereinafter so called, but which instrument, in fact, also included personal property thereafter to be acquired), securing a bond issue of $250,000. Although this complaint did not disclose the fact, there were then outstanding not to exceed $92,000 of these bonds. The complaint set forth the insolvency of the company, that its property was being neglected and left uncared for, and its rents and profits in danger of being damaged and impaired. Summons was issued on the day the complaint was filed. The company answered admitting the allegations of the complaint, a receiver was appointed, all the property of the company turned over to him, all persons were enjoined from bringing any action against the company, or executing any judgments already obtained, and the receiver was authorized to continue the business. The summons bore date, and showed acceptance of service, August 10. Petitioner thereafter moved for an order directing the receiver to file an inventory, which motion was granted. He also filed his petition praying that personal property in the receiver's hands, and not covered by the trust deed, be applied

to the satisfaction of his execution. This the court denied "at this time, without prejudice, to such relief as may be determined in pursuance of these findings upon the final hearing herein or during the progress of the foreclosure case", etc.

February 4, 1919, petitioner filed his "supplemental petition" in which he sets forth newly acquired information, on the ground of which he asks the discharge of the receiver. These facts are: That the company was solvent at the time of the appointment of the receiver; that the receivership was the result of collusion between the plaintiff and the company for the purpose of defeating petitioner's judgment; that the unpaid debt does not exceed $92,000; that no foreclosure is intended; that the receiver's inventory conceals personal property more than sufficient to pay petitioner's judgment, and that no change in the management or conduct of the company had occurred under the receivership. Plaintiff's answer to this petition put these allegations in issue and alleged, *inter alia*, that petitioner's judgment was worthless and that the company had no assets from which the same could be paid. A hearing was had on this supplemental petition, relief thereunder denied, and the petition dismissed. Motion for a new trial was dispensed with by order of the court and time fixed for bill of exceptions.

On these hearings it clearly appeared that at the time of the institution of the receivership proceeding the company was solvent; that not more than $92,000 of these bonds were outstanding; that the company had money in bank and credits receivable sufficient to pay petitioner's judgment, but which, by reason of the receivership proceeding, he was unable to subject to the lien of his execution; that there was no change in the management of the company under the receivership; and that at the time of the filing of the original petition there was nothing to put petitioner on notice that the receivership proceeding was not in good faith, or that the whole issue of bonds was not still outstanding and unpaid.

Burke, J., after stating the case as above.

The facts in this case, admitted and proven, are clearly such as to entitle petitioner to the discharge of the receiver provided he had not, as is here contended, either waived that right, or sued out this writ prematurely.

It is said that petitioner's recognition of the receivership (by moving for an order requiring the filing of an inventory, and by making application for a transfer of unincumbered personal property) will now estop him from contesting it. High on Receivers, 4th Ed., p. 53, and other authorities, are cited to sustain this position. The argument, however, ignores the first element of all estoppel, that the person estopped acted with full knowledge, or under circumstances which must be conclusively held to impute such knowledge. That element is lacking in the case before us.

It is said that the order of the trial court here complained of is not a final judgment, citing 23 R. C. L., p. 45, and other authorities. Ordinarily, as between parties to the action, the overruling of a motion to discharge a receiver is interlocutory and not appealable. This rule, however, may, as in the case before us, depend upon circumstances. Here petitioner was clearly entitled to the relief prayed for. This was denied and his petition dismissed. The proceedings thereafter clearly show that this order was then considered by the trial court and the parties concerned as a final judgment. That it is so we do not doubt. A receiver had been appointed for a solvent corporation. He held assets which petitioner was entitled to have subjected to the lien of his execution. These assets petitioner could not reach in the hands of the court's officer. No progress had been made, or was being made, to wind up the corporation's affairs, or pay its debts. Its management, whose inefficiency was assigned as one of the grounds of the receivership, had not been changed thereunder. Petitioner's judgment was alleged to be worthless for lack of assets with which to pay it. No termination of these conditions was promised, or prospective. The order was therefore, to

all practical intents and purposes, a final judgment as to petitioner.

The judgment is accordingly reversed with directions to the trial court to discharge the receiver, and for further proceedings in harmony with the views herein expressed.

Garrigues, C. J., and Teller, J., concur.